UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW B. CHAPMAN and
HEATHER A. CHAPMAN,

        Plaintiffs,

  v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

CASE NO. C16-5482 BHS

ORDER DENYING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER

    This matter comes before the Court on Plaintiffs Andrew Chapman and Heather Chapman's ("Plaintiffs") second motion for temporary restraining order (Dkt. 13).

    On June 15, 2016, Plaintiffs filed a complaint against Wells Fargo Bank N.A., Ginnie Mae, and Directors Mortgage, Inc. ("Defendants") asserting claims for (1) a declaratory judgment of an improper chain of title invalidating a pending foreclosure, (2) wrongful foreclosure, (3) quiet title, and (4) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g)(1).  Dkt. 1.  Plaintiffs also filed a motion for a temporary

ORDER - 1

restraining order requesting a stay of the pending foreclosure sale and any other post-sale proceedings pending final disposition of their claims. Dkt. 2. On June 16, 2016, the Court denied the motion for numerous reasons including failure to give adequate notice and failure to show a likelihood of success on the merits. Dkt. 6.

On June 24, 2016, Plaintiffs filed an amended complaint and another motion for a temporary restraining order. Dkts. 11, 13. In the amended complaint, Plaintiffs assert claims for (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g)(1); (2) improper accounting, and (3) breach of the implied covenant of good faith and fair dealing. Dkt. 11. In the motion for a restraining order, Plaintiffs argue that the lender (1) failed to engage in loss mitigation efforts to obtain a loan modification and (2) engaged in an illegal, unlawful, and improper accounting that sabotaged an arranged short sale. Dkt. 13.

With regard to the federal claim under TILA, Plaintiffs present arguments that go beyond the scope of their complaint. Plaintiffs assert a claim under TILA for failure to provide notice of the transfer of their loan from one lender to another. Dkt. 11. The Court has concluded that, even if successful, this claim is not grounds for restraining the sale because it is a technical violation of a notice provision entitling Plaintiffs to statutory penalties. Dkt. 6. In their motion, however, Plaintiffs argue that the lender was required to engage in a loan modification. Dkt. 13 at 3. Plaintiffs do not provide any authority imposing this requirement on the lender and fail to assert such a claim in their complaint. Therefore, the Court denies Plaintiffs' motion on this issue because Plaintiffs request relief on an issue that is beyond the scope of the complaint.

With regard to an improper accounting, the claim also fails. Plaintiffs do not assert an improper accounting in relation to the notice of default and pending foreclosure. Instead, Plaintiffs allege that Wells Fargo improperly asserted that it was owed approximately $30,000 at the closing of a short sale arranged by Plaintiffs. Dkt. 11 at 12–13. Such allegations may support a claim for breach of contract, but they do not support a claim for a violation of the Deed of Trust Act to enjoin the pending nonjudicial foreclosure. Moreover, Plaintiffs' focus on monetary loss mitigation is insufficient irreparable harm to prevent the foreclosure. Determining financial obligations is an entirely different issue than preventing loss of one's home through transfer of title to another entity. Therefore, the Court **DENIES** Plaintiffs' motion for a temporary restraining order.

**IT IS SO ORDERED**.

Dated this 27th day of June, 2016.

BENJAMIN H. SETTLE
United States District Judge